O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER BURZA,<br><br>　　　　　　Petitioner,<br><br>　　vs.<br><br>JAMES D. HARTLEY, Warden,<br><br>　　　　　　Respondent. | CASE NO. CV 12-11048 JSL (RZ)<br><br>ORDER SUMMARILY DISMISSING<br>HABEAS ACTION |

　　　　Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in part that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  The Court will dismiss the action summarily because Petitioner's claim rests entirely on California state laws and regulations.  He states no cognizable federal claim.

　　　　This habeas action presents a new variation on an old theme.  Petitioner is a state inmate who argues that he is a prime candidate for parole, based on state law and his own record. He supports his assertion with various training certificates, a good disciplinary record in prison, a mostly favorable psychological evaluation and sundry other papers.  He argues here that state officials simply weighed the evidence incorrectly in making an

unfavorable decision relating to his parole – and that, thereafter, the state courts wrongly denied habeas relief. Thus stated, Petitioner's case is hardly novel.

What makes Petitioner's case a new variant is that he presents neither of two once-popular but now legally doomed parole-related challenges. First, Petitioner does not technically challenge his 2009 parole denial itself. Indeed, Petitioner appears quite aware that evidence-based habeas challenges to California parole denials are not cognizable in federal courts. *See* Pet. ¶ 7(a)(1) (citing *Swarthout v. Cooke*, 562 U.S. __, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) (*Cooke*)). Second, unlike many other inmates in recent years, Petitioner does not challenge the Board of Parole Hearings (Board or BPH)'s concurrent 2009 decision that he must wait seven years before becoming eligible for parole again. Until 2008, when California voters approved a new measure commonly called Marsy's Law, this period ranged from one to five years. Under the new law, parole-eligible life inmates may be required to wait three, five, seven, ten or even fifteen years. *See* CAL. PENAL CODE § 3041.5(b). Courts have uniformly rejected various challenges to these extended waits for reconsideration. *See Stephen v. Swarthout*, No. CV 11–7685–R (SH), 2011 WL 6937375 (C.D. Cal. Dec. 5, 2011) at *4-*7. In doing so, some courts have pointed out that inmates have the opportunity, under Marsy's Law, to petition to advance their reconsideration date. *See id.* at *7; CAL. PENAL CODE § 3041.5(b)(4).

Here, Petitioner took that opportunity in January of 2012, Ex. A to Pet., presenting dozens of pages of the kinds of certificates, evaluations and other papers noted above. *See* Exs. B, C and D to Pet. The Board denied that application, called a Petition To Advance Hearing Date, in April of 2012. The Board did not find Petitioner to be such a good candidate for parole that he should be reconsidered sooner than his next scheduled date in 2016. Ex. A to Pet. Petitioner sought habeas relief in the state trial court, which denied relief with a published opinion stating that the Board did not abuse the very wide discretion accorded to it under state law. Ex. E to Pet. The California Court of Appeal and California Supreme Court denied relief without comment. *Id.* It is these denials of his Petition To Advance Hearing date that Petitioner challenges in this Court.

Although, as noted above, Petitioner *technically* is not challenging a parole denial, the supporting substance of his claim is no different. He argues that he is such an excellent candidate for parole that the Board erred in denying his Petition To Advance Hearing Date – and that, for the same reason, the state courts erred in denying his habeas challenges to the Board's denial. He states no federal claim. His challenge is based entirely on competing interpretations of California's statutes and parole-related regulations, including those governing a Petition To Advance Hearing.

To be sure, Petitioner wraps his current claim in a federal-law label of denial of due process. Mem. at 9. That argument plainly fails for the same reasons noted by the United States Supreme Court in *Cooke*. *Cooke* made clear that a federal habeas court's inquiry – in cases in which a parole-seeking prisoner seeks habeas relief based on an alleged violation of the federal Due Process Clause – is limited to determining whether the prisoner received the process due to him under the pertinent state law. If the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied," then due process is satisfied. *Id.*, *citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979). *Cooke*'s rationale, which governs a habeas challenge to a denial of parole *per se*, necessarily also governs a challenge to the denial of Petitioner's state-law-based Petition To Advance Hearing Date. Petitioner does not argue that the Board, in denying his Petition, violated the state's own *procedural* rules for deciding such Petitions. Although Petitioner disagrees vehemently with the outcome, he received the process that was due to him under state law. Habeas relief is plainly unwarranted.

For the foregoing reasons, the Court DISMISSES the action with prejudice.

DATED: Jan. 23, 2013    *Spencer Letts*

J. SPENCER LETTS
UNITED STATES DISTRICT JUDGE